150 N. Y. 37, 44 N. E. 718, 34 L. R. A. 235, 55 Am. St. Rep. 642, involve, in principle, every question presented by the facts in this case, and arose under substantially the same circumstances. The deposits were held to be money, for all practical purposes, owned by the decedent at the time of his death, and as such taxable under the transfer tax act of the state. Other authorities support this view. In re Romaine, 127 N. Y. 80, 27 N. E. 759, 12 L. R. A. 401; In re Whiting's Estate, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640; In re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632.

It is urged that the comptroller is without authority to prosecute this appeal. Such question was settled adversely to the contention of the respondent upon the motion to dismiss the appeal in this case, where it was held that, as the comptroller of the city of New York was authorized to institute the proceeding, he had authority to prosecute the appeal from the decision of the surrogate, although the powers and duties in respect thereto had devolved upon the comptroller of the state. Such condition would authorize a substitution of the comptroller of the state, but until such substitution is had the proceeding was properly prosecuted by the officer instituting it.

These are the only questions presented upon this appeal. It follows, therefore, that the order of the surrogate should be reversed, and the report of the appraiser confirmed, with $10 costs and disbursements to the appellant. All concur.

---

(69 App. Div. 5.)

### In re SONDHEIM'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

APPEAL—ORDERS REVIEWABLE.

An order of a surrogate refusing to resettle a former order is not appealable, it being a matter within the surrogate's discretion whether he will change his order as originally made.

Appeal from order of surrogate, New York county.

Proceeding for the appraisal for taxation of the estate of Henry P. Sondheim, deceased. From an order directing an appraisal, and from an order refusing to resettle the former order (66 N. Y. Supp. 726), the executor appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Sol. Kohn, for appellant.
Julius Offenbach, for respondent.

PER CURIAM. On the 17th of May, 1900, Joseph Ullman, executor of the last will and testament of Henry P. Sondheim, presented his petition to the surrogate's court of the county of New York, setting forth that his testator died on the 9th day of May, 1896, leaving a last will and testament, which was admitted to probate by the surrogate of the county of New York in June, 1896, and that, as the petitioner is informed and believes, the property of the

said deceased, or some portion thereof, or some interest therein, may be subject to the tax imposed by law in relation to taxable transfers of property, and thereupon the petitioner prayed that some competent person might be appointed as appraiser as provided by law.   Thereupon, and on the 20th of June, 1900, one of the surrogates of the county of New York made an order by which he directed Robert Mazet, Esq., one of the appraisers appointed by the state comptroller under chapter 658 of the Laws of 1900, to fix the market value at the time of the transfer of the property which was of the above-named decedent, and which was subject to the payment of any tax imposed by article 10, c. 908, of the Laws of 1896, and the acts amendatory thereof and supplemental thereto.   Subsequently the petitioner served upon the comptroller of the city of New York a notice of motion "to resettle the order entered herein on the 29th day of June, 1900, by appointing as appraiser the person directed in the said order by the surrogate, under the Laws of 1900, to act, or by appointing as appraiser some other competent person to be named by the surrogate."   The surrogate refused to resettle the order, and the executor now appeals from the order entered declining to resettle the original order, and also from the original order.

The surrogate's order denying the motion to resettle his first order is not appealable.   It rested entirely within the discretion of the surrogate whether or not he would change his order as originally made, and it is not for this court to direct or control him in the exercise of his discretion.   Concerning the appeal from the original order we are unable to see that the surrogate had any other power or authority than to direct one of the persons appointed pursuant to the provisions of chapter 658 of the Laws of 1900 to act as an appraiser.   When the person directed to make the appraisal by order of the surrogate shall have made his report, it will be time enough to consider the questions the appellant now desires this court to pass upon.

The appeal from the order denying the motion to resettle is dismissed, with $10 costs, and the order directing the appraisal to be made must be affirmed, with $10 costs and disbursements.